**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO; | ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>NO. |
| Plaintiffs, | ) | |
| v. | ) ) ) | |
| T-Cat Demolition LLC; a dissolved Illinois LLC | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"), Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO ( "Local 150" or "the Union"); bring this action to collect contributions and dues from Defendant, T-Cat Demolition LLC; a dissolved Illinois LLC ("T-Cat").

### COUNT I.  SUIT TO COLLECT DELINQUENT CONTRIBUTIONS

#### Facts Common to All Counts

1.  The Union is an "employee organization" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a "labor organization" under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant T-Cat Demolition LLC; a dissolved Illinois LLC ("T-Cat") is an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Franklin Park, Illinois.

3. T-Cat identified James R. Trumbull Jr. as its Registered Agent. (Exhibit A).

4. On December 1, 2011, T-Cat through James R. Trumbull Jr. signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement and any and all successor agreements ("CBA") known as the Excavators, Inc. Heavy, Highway and Underground Agreement (excerpts attached as Exhibit C).

5. The CBA and the Agreements and Declarations of Trust ("Trust Agreements") incorporated therein require T-Cat to make fringe benefit contributions to the Funds. The Funds are "employee benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

6. The CBA and Trust Agreements specifically require T-Cat to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f)   Furnish to the Funds a bond in an amount acceptable to the Funds.

7.   The CBA also requires T-Cat to make contributions to CRF. CRF is a labor management committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBA places the same obligations on T-Cat with respect to CRF as it does the Funds.

8.   The CBA further requires T-Cat to deduct administrative dues and contributions for the International Union of Operating Engineers Political Action Committee ("IUOE PAC") from employees' wages and remit those dues and IUOE PAC contributions to the Union on a monthly basis utilizing a form remittance report. Where T-Cat does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

9.   T-Cat has become delinquent in the submission of its reports and contributions due the Funds, and CRF, and reports, dues, and IUOE PAC contributions due to the Union. As a result of this delinquency, it owes the Funds contributions, liquidated damages, and interest, and it owes dues, IUOE PAC contributions and liquidated damages to the Union.

## Jurisdiction and Venue

10.   This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

11.   Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132 (e) (2), because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

12.   ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained

3

agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. 29 U.S.C. §1132(g). ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

14. T-Cat has violated ERISA and breached the CBA and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

15. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by T-Cat, there is a total of $82,816.36 known to be due the Funds from T-Cat, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against T-Cat for all unpaid contributions;

B. Enjoin T-Cat to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin T-Cat at the Fund's option to submit to an audit of its payroll books and records in order to determine whether T-Cat owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Fund's option require T-Cat to pay any contributions reasonably estimated to be

        due by the Funds for the period when T-Cat failed and refused to timely submit contribution reports;

D.      Enter judgment against T-Cat and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions; and

E.      Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at T-Cat's cost.

## COUNT II.  SUIT TO COLLECT CRF CONTRIBUTIONS

1-9    CRF re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10.    This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

11.    Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

12.    T-Cat has not submitted all of its contribution reports to CRF.  T-Cat has failed to make timely payment of all contributions pursuant to the CBA, and T-Cat has failed to pay interest and liquidated damages required by the CBA.  Accordingly, T-Cat is in breach of its obligations to the CRF under the CBA.

13.    That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by T-Cat, there is a total of $2624.45 known to be due to CRF from T-Cat subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

    WHEREFORE, CRF respectfully requests that the Court:

  A. Order T-Cat to submit all delinquent monthly contribution reports;

  B. Enter judgment in favor of CRF and against T-Cat for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of T-Cat's failure to submit all contribution reports required by the CBA;

  C. Enjoin T-Cat to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA; and

  D. Award CRF such further relief as may be deemed just and equitable by the Court, all at T-Cat's cost.

**COUNT III. SUIT TO COLLECT UNION DUES AND IUOE PAC CONTRIBUTIONS**

1-9. The Union re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 because the Union's principal office is located within the geographical jurisdiction of this court.

11. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

12. T-Cat has not submitted all of its reports to the Union. T-Cat has failed to make timely payment of all dues and IUOE PAC contributions owed to the Union pursuant to the CBA. T-Cat is required to pay liquidated damages by the CBA. Accordingly, T-Cat is in breach of its obligations to the Union under the CBA.

13. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by T-Cat, there is a total of $863.86 known to

6

be due to the Union from T-Cat before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

   WHEREFORE, the Union respectfully requests that the Court:

  A. Order T-Cat to submit all delinquent monthly dues reports;

  B. Enter judgment in favor of the Union and against T-Cat for all unpaid dues and IUOE PAC contributions, liquidated damages, the Union's reasonable attorneys' fees and costs, including any amounts estimated to be due because T-Cat failed to submit all reports required by the CBA;

  C. Enjoin T-Cat to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the CBA;

  D. Award the Union such further relief as may be deemed just and equitable by the Court, all at T-Cat's cost.

Dated: February 20, 2019        Respectfully submitted,

                By: /s/ Dale D. Pierson
                   One of the Attorneys for the Plaintiffs

| Attorney for Local 150: | Attorneys for the Funds: |
|---|---|
| Dale D. Pierson<br>Local 150 Legal Dept.<br>6140 Joliet Road<br>Countryside, IL 60525<br>Ph: (708) 579-6663<br>Fx: (708) 588-1647<br>dpierson@local150.org | Elizabeth A. LaRose<br>Brad H. Russell<br>Institute for Worker Welfare, P.C.<br>6141 Joliet Road<br>Countryside, IL 60525<br>Ph: (708) 579-6613<br>Fx: (708) 588-1647<br>elarose@local150.org<br>brussell@local150.org |